**RLF  RENZULLI LAW FIRM LLP**

ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
TEL (914) 285-0700 ■ FAX (914) 285-1213
www.renzullilaw.com

July 5, 2022

**VIA CM/ECF**

Hon. Diane Gujarati, U.S. District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Steur v. Glock, Inc., et al.*, **No. 1:22-cv-3192**

Dear Judge Gujarati:

    We represent defendant Glock, Inc. Pursuant to Section III.A.2. of your Individual Practice Rules, we write to request a pre-motion conference for a motion to dismiss the Complaint (Doc. No 1) pursuant to the federal statutory immunity provided by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901, *et seq.* ("PLCAA") and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). We also intend to file a motion to strike certain allegations in the Complaint pursuant to Fed. R. Civ. P. 12(f), and to stay discovery pursuant to Fed. R. Civ. P. 26(c)(1).

    Glock, Inc. is a federally licensed manufacturer of firearms. The Complaint alleges that it manufactured a Glock Model 17 semiautomatic pistol bearing serial number KBR155 ("Subject Pistol") on or before 2011. Compl. ¶¶ 15-17, 38, 69-70, 134. Frank James is alleged to have legally purchased the Subject Pistol from a federally licensed firearms dealer in Ohio in 2011. *Id.* ¶¶ 38, 69-70. More than a decade later, he used it to intentionally shoot and injure Plaintiff and nine other people on a subway in Brooklyn on April 12, 2022. *Id.* ¶¶ 5-7. The Complaint raises a single cause of action, alleging that Glock, Inc. violated N.Y. Gen. Bus. Law §§ 898-a, *et seq.* ("Act").

    The PLCAA provides immunity to federally licensed manufacturers and sellers of firearms from being sued for "qualified civil liability actions." A prohibited "qualified civil liability action" is defined, in relevant part, as a:

> civil action or proceeding . . . brought by any person against a manufacturer or seller of a qualified product . . . for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by . . . a third party

unless one of six narrow exceptions applies. 15 U.S.C. § 7903(5)(A). A "qualified product" is defined as including firearms, such as the Subject Pistol. *Id.* § 7903(4).

    The Complaint constitutes a qualified civil liability action because it is a civil action brought

*Steur v. Glock, Inc., et al., No. 1:22-cv-3192*
*July 5, 2022 – Page 2 of 3*

by a person (Ilene Steur), against a manufacturer (Glock, Inc.) of a qualified product (the Subject Pistol) seeking to recover damages, punitive damages, injunctive, declaratory, and other relief resulting from the criminal misuse of the Subject Pistol by a third party (Frank James). Compl. ¶¶ 5-7, 15-17, 38, 69-70. Federal law specifically mandates that a qualified civil liability action "may not be brought in any Federal or State court." 15 U.S.C. § 7902(a). The PLCAA provides manufacturers and sellers with a substantive right to immunity from even having to defend against a qualified civil liability action and is not merely a defense to being held liable. *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008) (The PLCAA "bars plaintiffs from courts for the adjudication of qualified civil liability actions, allowing access for only those actions that fall within the Act's exceptions.").

The Complaint does not satisfy the exception to the PLCAA for an "action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought," 15 U.S.C. § 7903(5)(A)(iii), which is known as the predicate exception. The Second Circuit has held that the "predicate exception was meant to apply only to statutes that actually regulate the firearms industry . . . ." *Beretta U.S.A. Corp.*, 524 F.3d 384 at 404 (holding that an alleged violation of N.Y. Penal Law § 240.45 does not satisfy the predicate exception).

Plaintiff's sole cause of action contends that Glock, Inc. violated the Act because its marketing and distribution practices allegedly resulted in the creation of a public nuisance in New York by selling more pistols than it "reasonably expect[s] to be bought by law-abiding purchasers," thereby leading to easy access to firearms by "persons intent on murder, mayhem, or other crimes, including purchasers such as James." Compl. ¶¶ 222-33. Plaintiff specifically claims that Glock, Inc. knew, or should have known, that its "marketing, promotion, distribution, importation, and sale of firearms, by which the [Subject Pistol] came to be in the possession of a person like James, would likely result in injuries of the type suffered by the Plaintiff." *Id.* ¶ 238.

The Act, which went into effect on July 6, 2021, states that

1. No gun industry member, by conduct either unlawful in itself or unreasonable under all the circumstances shall knowingly or recklessly create, maintain or contribute to a condition in New York state that endangers the safety or health of the public through the sale, manufacturing, importing or marketing of a qualified product.

2. All gun industry members who manufacture, market, import or offer for wholesale or retail sale any qualified product in New York state shall establish and utilize reasonable controls and procedures to prevent its qualified products from being possessed, used, marketed or sold unlawfully in New York state.

N.Y. Gen. Bus. Law § 898-b.

The conduct of Glock, Inc. alleged in the Complaint does not state a viable claim for violation of the Act. The Complaint also fails to state a claim upon which relief can be granted against Glock, Inc. for violation of the Act because it applies solely to actions taken after it became effective on July 6, 2021, and the allegedly wrongful acts by Glock, Inc. all took place more than a

*Steur v. Glock, Inc., et al.*, No. 1:22-cv-3192
July 5, 2022 – Page 3 of 3

decade before the Act became effective. Pursuant to New York law, a new statute is presumed to only apply prospectively unless: (1) the statute explicitly states that it is intended to apply retroactively, or (2) the language of the statute itself makes it necessary to apply retroactively. *Matter of Regina Metro. Co., LLC v. New York State Div. of Hous. & Comm. Renewal*, 35 N.Y.3d 332, 370 (N.Y. 2020); *Gottwald v. Sebert*, 165 N.Y.S.3d 38, 39 (App. Div. 2022). Nothing in the Act suggests that it was intended to apply to conduct that occurred before it was enacted, and the language in Section 898-b reveals it applies only to conduct occurring after its effective date of July 6, 2021. The Complaint therefore fails to state a claim upon which relief can be granted for violation of the Act. In addition, the Complaint necessarily fails to satisfy the predicate exception because Glock, Inc. could not have knowingly violated a statute that was not in effect at the time of the conduct at issue. Therefore, this action is subject to, and prohibited by, the immunity provided by the PLCAA.

In the alternative, the Act is unconstitutional because it: (1) violates the Supremacy Clause because it conflicts with federal law (the PLCAA) and attempts to override it; (2) violates the Dormant Commerce Clause because it discriminates against interstate commerce and seeks to regulate conduct that takes place exclusively outside of New York; and (3) violates the Due Process Clause because it is vague and does not provide clear standards regarding what Glock, Inc. must do, or must not do, to avoid potential liability. *Fulton Corp. v. Faulkner*, 516 U.S. 325, 330 (1996); *Healy v. The Beer Institute*, 491 U.S. 324, 336 (1989); *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996); *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). The same constitutional challenges to the Act are pending before the Second Circuit in an appeal from the Northern District of New York in the case of *Nat'l Shooting Sports Found., Inc. v. James*, No. 1:21-cv-01348-MAD-CFH. Compl. ¶ 34.

Pursuant to Fed. R. Civ. P. 26(c), Glock, Inc. requests that this Court stay any discovery pending a decision on a motion to dismiss as outlined above. The PLCAA provides Glock, Inc. with immunity from having to present a defense to this qualified civil liability action, which is a substantive right that would be lost if it is required to engage in discovery. This Court should also stay discovery pending a decision by the Second Circuit regarding the Act's constitutionality, and because the criminal prosecution of James is currently pending, making it difficult – if not impossible – to obtain necessary and relevant information critical to Glock, Inc.'s defenses. *Shulman v. Becker & Poliakoff*, No. 17-cv-09930, 2018 WL 4938808, at *2–3 (S.D.N.Y. Oct. 11, 2018); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

We appreciate Your Honor's consideration of Glock, Inc.'s legal positions.

Respectfully submitted,

**RENZULLI LAW FIRM, LLP**

Christopher Renzulli

cc: Counsel of Record (*via CM/ECF*)

RENZULLI LAW FIRM, LLP