UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ILENE STEUR,

                *Plaintiff*,

      v.

GLOCK INC.; GLOCK GES.M.B.H,

                *Defendants*,

LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,

                *Movant*.

**DECLARATION OF ESTER MURDUKHAYEVA**

No. 22-cv-3192 (DG) (PK)

ESTER MURDUKHAYEVA, an attorney duly admitted to practice law before this Court, declares and states as follows pursuant to 28 U.S.C. § 1476:

1. I am a Deputy Solicitor General in the Office of Letitia James, the Attorney General of the State of New York. I make this declaration in support of the New York State Attorney General's motion to intervene in this action pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 24(a)(1) and (b)(2). I make this declaration based on my personal knowledge, my review of this Office's files, and conversations with other members of the Office. No party opposes the relief requested in the motion.

2. On May 31, 2022, plaintiff Ilene Steur filed the instant action, alleging that defendants Glock, Inc. and Glock Ges.m.b.H. violated Article 39DDDD of the New York General Business Law, § 898-a *et. seq.* (the Act). *See* Doc. 1 (Compl.), ¶¶ 220–39. To date, service has been completed only as to defendant Glock, Inc. *See* Docs. 11, 12.

3. Section 898-b of the Act provides as follows:

> 1. No gun industry member, by conduct either unlawful in itself or unreasonable under all the circumstances shall knowingly or recklessly

> create, maintain or contribute to a condition in New York state that endangers the safety or health of the public through the sale, manufacturing, importing or marketing of a qualified product.
>
> 2. All gun industry members who manufacture, market, import or offer for wholesale or retail sale any qualified product in New York state shall establish and utilize reasonable controls and procedures to prevent its qualified products from being possessed, used, marketed or sold unlawfully in New York state.

N.Y. Gen. Bus. Law § 898-b. A violation of either provision "that results in harm to the public" is deemed "a public nuisance," regardless of whether "the gun industry member acted for the purpose of causing harm to the public." *Id.* § 898-c. Section 898-d permits the New York Attorney General or a corporation counsel of a city in New York State to sue to enforce the Act, and Section 898-e authorizes a private right of action for any person, firm, corporation, or association that "has been damaged as a result of a gun industry member's acts or omissions in violation" of the Act. *Id.* §§ 898-d, 898-e.

    4.    On July 5, 2022, defendant Glock Inc. filed a letter motion requesting a pre-motion conference concerning, among other things, an anticipated Rule 12(b)(6) motion to dismiss. *See* Doc. 7 (Glock Letter Mot.). As Glock's letter motion states, its anticipated motion to dismiss would argue that the Act is unconstitutional as a violation of: (1) the Supremacy Clause, because it purportedly conflicts with the federal Protection of Lawful Commerce in Arms Act (PLCAA), 15 U.S.C. §§ 7901–7903; (2) the dormant Commerce Clause; and (3) the Due Process Clause. *Id.* at 3; *see id.* at 1–3 (discussing PLCAA).

    5.    On July 27, 2022, this Court scheduled a telephonic pre-motion conference for 10:00 a.m. on Tuesday, August 2, 2022, before Magistrate Judge Peggy Kuo.

    6.    The New York Attorney General moves to intervene as of right pursuant to Rule 24(a)(1) or, in the alternative, by leave of court pursuant to Rule 24(b)(2).

7. First, this Court "must permit" the Attorney General's intervention because she has been "given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Under 28 U.S.C. § 2403(b), "[i]n any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court . . . shall permit the State to intervene . . . for argument on the question of constitutionality." Section 2403(b)'s requirements are readily satisfied here because Glock has drawn into question the constitutionality of the Act, which was enacted by the New York State Legislature to protect the public from harms arising from certain conduct of gun industry members, a matter of undisputed public interest.

8. Section 2403(b) recognizes that "declarations of unconstitutionality have ramifications beyond the interests of litigants in the particular case." *Heckler v. Edwards*, 465 U.S. 870, 882 (1984). The statute thus contains "a duty of the court that should not be ignored." *Merrill v. Town of Addison*, 763 F.2d 80, 82 (2d Cir. 1985). Consistent with that duty, courts have readily permitted the New York Attorney General to intervene to defend the constitutionality of a New York statute. *See, e.g.*, *Kwong v. Bloomberg*, 723, F.3d 160, 163 (2d Cir. 2013); *CFCU Cmty. Credit Union v. Hayward*, 552 F.3d 253, 258 (2d Cir. 2009); *Pinsky v. Duncan*, 898 F.2d 852, 853 (2d Cir.); *Blackwelder v. Safnauer*, 866 F.2d 548, 550 n.1 (2d Cir. 1989).

9. Second, in the alternative, this Court "may" grant permissive intervention to the New York Attorney General because "a party's claim or defense is based on . . . a statute or executive order administered by the officer or agency." Fed. R. Civ. P. 24(b)(2)(A). Here, the

Attorney General is expressly charged with enforcing the Act, *see* N.Y. Gen. Bus. Law § 898-d, and Steur's claim is based on the Act.[1]

10. Although this Court has discretion in considering permissive intervention, the Supreme Court has instructed that "a State's opportunity to defend its laws in federal court should not be lightly cut off." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1011 (2022). New York, acting through its Attorney General, "'clearly has a legitimate interest in the continued enforceability of its own statutes,' and a federal court must 'respect . . . the place of the States in our federal system.'" *Id.* (quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997)).

11. Under Rule 24(b)(3), this Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986).

---

[1] In addition, the New York Attorney General is authorized under state law to "[p]rosecute and defend all actions and proceedings in which the state is interested, . . . in order to protect the interest of the state." N.Y. Exec. Law § 63(1). Those duties include appearing "in support of the constitutionality of [a] statute" "[w]henever the constitutionality of a statute . . . is brought into question" in a judicial proceeding. *Id.* § 71(1). The Attorney General serves as "a representative of the State's interest in asserting the validity of its statutes." *Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976); *see Axinn v. New York State Bd. of Elections*, No. 14-cv-5709, 2014 WL 5025907, at *2 (E.D.N.Y. Oct. 8, 2014). As Glock notes in its letter motion, the Attorney General is currently defending another suit challenging the constitutionality of the Act. *See* Doc. 7 (Glock Letter Mot.), at 3; *see also National Shooting Sports Found., Inc. v. James*, 22-1374 (2d Cir., appeal filed June 24, 2022).

12. Here, the Attorney General's perspective on the Act would assist this Court in resolving the constitutional challenges raised by Glock. Moreover, the Attorney General, as the State's representative in defending the constitutionality of a state statute, has markedly broader interests in advancing the public interest than a private litigant. The Attorney General has appropriately sought to intervene near the inception of this action, and her participation would not impede this Court from reaching judgment. For substantially the same reasons, the Attorney General's motion is also "timely," as required by both Rule 24(a) and (b).

13. Last, the Attorney General has satisfied Rule 24(c)'s requirement to set forth her claims or defenses upon intervention, because the Attorney General's position that she intends to defend the constitutionality of the Act from Glock's challenges is "'clearly articulated' in [these] motion papers." *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, No. 05-md-1720, 2021 WL 2646349, at *13 (E.D.N.Y. June 28, 2021) (citation omitted). Rule 24(c), in this context, requires only "an appropriate motion or pleading setting forth the claim or defense that he desired to assert," and the foregoing declaration in support of intervention satisfies that requirement. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 548 (1986); *see Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 782 F. Supp. 870, 874 (S.D.N.Y. 1991) (treating "affidavits . . . which set forth sufficient facts and allegations" as a pleading under Rule 24(c)).

14. Plaintiff consents to the relief requested in the Attorney General's intervention motion. Glock does not oppose the relief requested in the motion.

WHEREFORE, this Court should grant Letitia James, in her official capacity as the Attorney General of the State of New York, leave to intervene in this action to defend the constitutionality of the Act pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 24(a)(1) and (b)(2).

Dated: New York, New York
      July 27, 2022

LETITIA JAMES
*Attorney General*
*State of New York*

By: /s/ *Ester Murdukhayeva*
Ester Murdukhayeva
Deputy Solicitor General
28 Liberty Street
New York, New York 10005
(212) 416-6279